# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: RUDY PENA,                                    No. 7-08-10889 MA

      Debtor.

_____

HOWARD HERBERT,

      Plaintiff,

v.                                             Adversary No. 08-1077 M

RUDY PENA,

      Defendant.

## ORDER DENYING MOTION TO DISMISS ADVERSARY PROCEEDING

THIS MATTER is before the Court on the Motion to Dismiss Adversary Proceeding ("Motion to Dismiss") filed by the Defendant, Rudy Pena, by and through his attorneys of record Bill Gordon and Associates (Steve Mazer). The Motion to Dismiss states that the Complaint fails to state a claim upon which relief may be granted and requests the Court dismiss the Complaint. The Motion to Dismiss makes no further argument and cites no authority in support of Defendant's contention that the Complaint fails to state a claim upon which relief can be granted.

In reviewing a motion to dismiss under Rule 12(b)(6), made applicable to bankruptcy proceedings by Rule 7012, Fed.R.Bankr.P., the Court must accept all well-pleaded facts as true and construe them in the light most favorable to the non-moving party.[1] Under the new standard

---

[1] *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007)(citing *Johnson v. Johnson,* 466 F.3d 1213, 1214 (10th Cir. 2006)).

1

enunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the plaintiff's claim must be "plausible" on its face in order to survive a motion to dismiss.[2] Under this standard, the Court must "'determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon,* 495 F.3d at 1186 (quoting *Forest Guardians v. Forsgren,* 478 F.3d 1149, 1160 (10th Cir. 2007)).

Plaintiff filed a complaint objecting to the dischargeability of a particular debt on June 23, 2008, asserting that a default judgment Plaintiff obtained against Defendant in state court is non-dischargeable as a debt arising from fraud, misrepresentation, or false pretenses under 11 U.S.C. § 523(a)(2)(A). The complaint does not set forth with particularity the actions underlying the state court action; nor does the complaint contain even a formulaic recitation of the required elements for non-dischargeability under 11 U.S.C. § 523(a)(2)(A).[3] Instead, the Plaintiff simply attached to the complaint a copy of the Complaint for Debt and Money Due, Foreclosure of Chattel Mortgage, Fraud and Misrepresentation ("State Court Complaint") filed in the state court action. *See* Exhibit 1 attached to complaint.

The State Court Complaint contains sufficient allegations to put the Defendant on notice of the actions upon which Plaintiff bases its claim of non-dischargeability, and, under the

---

[2]*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1974 (stating that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face" requiring under this standard that plaintiffs "nudge[ ] their claims across the line from conceivable to plausible[.]").

[3]*Lane v. Simon,* 495 F.3d at 1186 (acknowledging that under *Twombly,* "the plaintiff must provide 'more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action.'")(quoting *Twombly,* 127 S.Ct. at 1965).

2

standard of *Twombly,* the allegations in the State Court Complaint, if accepted as true, make Plaintiff's entitlement to relief plausible.[4] Nevertheless, because the complaint filed in this adversary proceeding wholly fails to recite any of the underlying actions upon which Plaintiff bases its claim of non-dischargeability, it fails to satisfy the standards of notice pleading required under Rule 8, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7008, Fed.R.Bankr.P.[5] The Court will, therefore, afford Plaintiff an opportunity to amend its complaint to recite with greater particularity the underlying basis for its non-dischargeability claim, and deny the Motion.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED, conditioned upon Plaintiff filing an amended complaint stating its claim for non-dischargeability

---

[4] *See* State Court Complaint, Count III - Fraud and Misrepresentation, which contains the following specific factual allegations describing the acts upon which Plaintiff bases his claim: that defendant made certain representations of fact that were untrue concerning proceeds he was authorized to assign; that the representations were made with the intent to deceive plaintiff and to induce plaintiff to rely on such representation; that plaintiff relied on defendant's representations; and that plaintiff was damaged as a result. These allegations, if true, would support a claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A), which requires a showing of the following required elements: that a misrepresentation was made; that the misrepresentation was made with intent to deceive; that the plaintiff relied on the misrepresentation; and that the misrepresentation caused plaintiff to sustain a loss. *Fowler Bros v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996).

*See also, Lane v. Simon,* 495 F.3d at 1186 ("'[s]pecific facts are not necessary; the statement need only give the defendant fair notice of that the . . . claim is and the grounds upon which it rests.'")(quoting *Erickson v. Pardus,* __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(per curiam)(quotations and citations omitted)).

[5] Rule 8(a)(2), Fed.R.Civ.P. requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. *See also, Twombly,* 127 S.Ct. at 1966 (stating that "[t]he need at the pleading stage for allegations plausibly suggesting . . . [the elements necessary to the claim] reflects Rule 8(a)(2)'s threshold requirement that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'")(quoting Rule 8(a)(2), Fed.R.Civ.P.).

with greater particularity within ten days of the date of entry of this Order.

/s/ Mark B. McFeeley
_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: October 9, 2008

COPY TO:

Eric Loman
Attorney for Plaintiff
111 Lomas Blvd. NW, Suite 230
Albuquerque, NM 87102

Steve H. Mazer
Attorney for Defendant
2501 Yale Blvd. SE, Suite 204
Albuquerque, NM 87106

4